# EXHIBIT 1

**SETTLEMENT AND RELEASE AGREEMENT**

This Settlement and Release Agreement ("Settlement Agreement") is made and entered into between NORTHERN CALIFORNIA RIVER WATCH, a California non-profit corporation ("River Watch") on the one hand, and HOYTT ENTERPRISES, INC., GERALD G. HOYTT and MARINWOOD PLAZA, LLC (collectively referred to as the "Hoytt Entities") on the other hand.  River Watch and the Hoytt Entities may hereinafter be referred to individually as a "Party" and collectively as "Parties."  The Parties intend this Settlement Agreement to fully, finally and completely settle and resolve the claims River Watch has asserted against the Hoytt Entities, as more precisely set forth below.

This Settlement Agreement shall be deemed effective as of the date on which it is entered by the United States District Court, Northern District of California (the "Effective Date").

**RECITALS**

WHEREAS:

1. On or about July 13, 2009, River Watch filed suit in the United States District Court, Northern District of California ("the Court"), entitled *Northern California River Watch v. Hoytt Enterprises, Inc., et al.,* Case No. CV 09-3161 JL, based on causes of action for alleged violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.* and alleged environmental violations at the premises owned and/or operated by the Hoytt Entities known as the Marinwood Plaza Shopping Center and located at 187 Marinwood Avenue in San Rafael, California (the "Site"), alleged contamination at and emanating from the Site, and allegations regarding the Hoytt Entities' investigation and remediation of the Site ("the Action").

2. The Hoytt Entities deny that River Watch is entitled to any relief pursuant to the Notice of Violations or the Action.

3. The Parties wish to compromise, resolve, settle and terminate any and all disputes and claims between them regarding the Site, including any and all disputes or claims that have been made, could have been made, or might be made in the future.  The Parties each represent

## SETTLEMENT AND RELEASE AGREEMENT

that they understand they are waiving significant legal rights by signing this Agreement, and each Party in no way admits responsibility for any debts, liability and/or obligations owed to any other Party or third parties, and this Settlement Agreement is made in a spirit of compromise for the sole purpose of avoiding the uncertainties and expenses of pursuing litigation.

4.  Based upon the Parties' having reached a mutually agreeable settlement of the Action and their representation of same to the Court, the Court issued an Order of Dismissal dismissing the Action, with prejudice, on April 21, 2010, contingent upon the Parties' delivery of the consideration for the settlement, as set forth below.

NOW, THEREFORE, for good and valuable consideration, including the payment, obligations, covenants, representations, warranties and releases contained herein, the Parties agree as follows:

### TERMS OF AGREEMENT

**A.    Environmental Projects**

The Hoytt Entities shall complete, if they have not already done so, the environmental projects set forth in Sections A.1. and A.2. below ("Projects"), subject to prior approval by any and all regulatory agencies asserting jurisdiction over the Site.  The Hoytt Entities shall provide River Watch with evidence of completion of the Projects within the time period specified in this Settlement Agreement.  The Hoytt Entities reserve the right to determine (with regulatory agency approval) the methodology and techniques used to complete the Projects.

1.  <u>Surface Water Testing</u>

Within one year of the Effective Date, the Hoytt Entities shall use reasonable efforts to conduct, or cause to be conducted, subject to property access restrictions, a study to determine whether any perchloroethylene ("PCE") originating from the Site has impacted surface waters within the vicinity of the Site ("Surface Water Study").  The Surface Water Study shall consist of two sampling events, the first to take place within one week of the first rains of the season with a total precipitation of one inch or more falling within a one-week period, and the second to take place within four months following the first sampling event.  Each sampling

**SETTLEMENT AND RELEASE AGREEMENT**

event shall consist of a total of three water samples, one surface water sample taken at a location immediately upgradient from the Site, and two surface water samples taken at locations within Miller Creek and downgradient from the Site.

2. Estimation of Subsurface Contamination

a) Within one year of the Effective Date, the Hoytt Entities shall provide River Watch with a written estimation of the size of the mass of PCE then-present in the subsurface soils at the Site and groundwater beneath the Site ("PCE Estimation").

b) Within one year of submitting the first PCE Estimation described in Section 2.a) above or receiving a No Further Action letter from the lead environmental agency with jurisdiction over the Site, whichever occurs earlier, the Hoytt Entities shall provide River Watch with a second PCE Estimation. Provided, however, that if the Hoytt Entities obtain such a No Further Action letter within the first year following the Effective Date, their obligation to provide River Watch with PCE Estimations shall be satisfied through Section 2.a) above, and they shall have no additional obligation pursuant to this Section 2.b).

B. **Project Coordination with Lead Environmental Agency**

Should the implementation by the Hoytt Entities of the Projects set forth in Section A above not take place by the specified deadlines, despite the timely good faith efforts of the Hoytt Entities to acquire the necessary permits(s), approvals(s), reviews or other necessary steps by the supervising federal, State, or local agency or agencies, or due to factors unforeseen at the time this Settlement Agreement was entered into, the Hoytt Entities agree to meet and confer with lead environmental agency staff and River Watch to modify the Project deadlines.

C. **Settlement Payment**

1. The Hoytt Entities agree to reimburse River Watch the total sum of twenty-five thousand dollars ($25,000.00) for River Watch's investigation fees and costs, experts' fees and costs, paralegal and investigator fees, and reasonable attorneys' fees, incurred in connection with the Notice of Violations and/or the Action ("Settlement Payment").

2. The Hoytt Entities shall pay the first installment of the Settlement Payment in the amount of twelve thousand five hundred dollars ($12,500.00) within ten (10) business days of

**SETTLEMENT AND RELEASE AGREEMENT**

the Effective Date, and the second and final installment in the amount of twelve thousand five hundred dollars ($12,500.00) within thirty (30) calendar days after the first installment payment. Both installments of the Settlement Payment are to be payable to "Northern California River Watch" and delivered to the Law Office of Jack Silver, 100 E Street, Suite 203, Santa Rosa, California 95404.

      3.     The Settlement Payment will constitute a complete settlement of all claims by River Watch against any and all of the Hoytt Entities for liability, damages, penalties, fees, costs and expenses related to the Site.

**D.**     **Force Majeure**

      Separate from, and in addition to any other limitations on the obligations of the Hoyt Entities under this Settlement Agreement, the Hoyt Entities' obligation to comply with one or more of the provisions of this Settlement Agreement shall be deferred to the extent and for the duration that the delay in compliance is caused by an event or circumstance beyond the reasonable control of the Hoyt Entities or any entity controlled by the Hoyt Entities, including its contractors, and that could not have been reasonably foreseen and prevented by the exercise of due diligence by the Hoyt Entities. Delays due to unanticipated or increased costs or expenses associated with the completion of any work or activity required under this Settlement Agreement, changed financial circumstances, the Hoyt Entities' failure to make timely and *bona fide* applications and to exercise diligent efforts to obtain permits, or normal inclement weather shall not, in any event, be considered to be circumstances beyond the Hoyt Entities' control.

**E.**     **River Watch's Release of the Hoytt Entities**

      In exchange for the considerations set forth herein, River Watch covenants not to sue and hereby releases and discharges each and every of the Hoytt Entities from (1) any and all claims, actions, causes of action, liability, costs, expenses, damages, penalties and losses arising from or related to the Site, and (2) any and all claims, actions, causes of action, liability, costs, expenses, damages, penalties and losses which River Watch could have asserted in connection with the Site.

**SETTLEMENT AND RELEASE AGREEMENT**

F. **Intended Scope of River Watch's Release**

To the fullest extent possible, this Settlement Agreement shall act as a full and final resolution of any and all claims, actions, causes of action based on any statute or provisions of common law, whether legal or equitable, and all liability arising out of, or in any way related to, claims related to the ownership, operation or remediation of the Site, discharges from the Site, or environmental conditions at the Site.

G. **Claims Excepted from River Watch's Release**

The Parties acknowledge and agree that the release set forth in Sections E and F above does not apply to any action or claim by any Party to enforce the terms of this Settlement Agreement.

H. **Waiver of Rights under Calif. Civil Code § 1542**

With respect to the claims released herein, each Party expressly and specifically waives any rights and benefits available to that Party under Calif. Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

I. **Non-participation in Future Actions**

River Watch agrees that neither River Watch (including, without limitations, its officers, staff, and members), nor any organization under the control of River Watch, its officers, its staff, or members, will file any suit, claim or action, or any administrative proceeding, against any of the Hoytt Entities for alleged violations related to the Site.  River Watch agrees it will not support any suits, claims or actions, including but not limited to by providing financial assistance, legal services or advice, personnel time, information concerning ownership, operation, environmental conditions, insurance, investigation or remediation of the Site, or taking other affirmative actions against any of the Hoytt Entities, which may be proposed or filed by other groups, organizations or individuals concerning the Site.

**SETTLEMENT AND RELEASE AGREEMENT**

**J.      Dispute Resolution**

1. If River Watch believes the Hoytt Entities are in violation of this Settlement Agreement, River Watch shall promptly notify the Hoytt Entities of the alleged violation(s) in writing. The Hoytt Entities shall then have thirty (30) business days from receipt of River Watch's written notice to respond to the allegations.

2. If the Hoytt Entities respond to River Watch's written notice of alleged violation(s) and comply with River Watch's request to correct those alleged violation(s) within forty-five (45) business days of River Watch's written notice, River Watch shall take no further action against any of the Hoytt Entities.

3. If the Hoytt Entities deny or fail to acknowledge River Watch's written notice of alleged violation(s), the Parties shall meet and confer within fifteen (15) business days following the deadline for the Hoytt Entities' response as set forth in Section J.1 above.

4. If the Parties cannot informally resolve a conflict arising from a written notice of alleged violation(s) issued by River Watch pursuant to this Section J, the Parties shall submit the matter to mediation before a mutually agreed-upon mediator within twenty (20) business days or as soon as reasonably possible after the last date upon which the Parties informally met and conferred.

**K.      No Admissions**

This Settlement Agreement shall not constitute, and no action taken pursuant to this Settlement Agreement shall constitute, any admission of fact, liability, causation, responsibility or fault, or proportionate share thereof, by any Party with respect to any matter referred to herein. This Settlement Agreement shall not be used by any Party in any administrative or judicial action or proceeding, or in any arbitration or alternative dispute resolution proceeding for any purpose, except for the purpose of establishing its terms in any action to enforce the terms of this Settlement Agreement.

**L.      Authority of Representation**

Each of the Parties to this Settlement Agreement represents and warrants that the person(s) executing this Settlement Agreement on its behalf is a representative duly authorized to

**SETTLEMENT AND RELEASE AGREEMENT**

bind that Party and is empowered to enter into this Settlement Agreement on that Party's behalf.

**M.  Notices**

Any notice required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be deemed to be given when served personally or transmitted by facsimile, or on the fifth day after mailing if mailed by United States mail, postage prepaid, and addressed to the address for each Party as set forth below:

| FOR RIVER WATCH: | WITH A COPY TO: |
|---|---|
| Northern California River Watch<br>500 North Main Street, Suite 110<br>Sebastopol, CA 95472<br>Telephone:  707-824-4372<br>Facsimile:  707-824-4372 | Jack Silver, Esq.<br>Law Office of Jack Silver<br>P.O. Box 5469<br>Santa Rosa, CA 95402-5469<br>Telephone: 707-528-8175<br>Facsimile:  707-528-8675 |
| **FOR THE HOYTT ENTITIES:** | **WITH A COPY TO:** |
| Hoytt Enterprises, Inc.<br>Attn: Gerald G. Hoytt, President<br>1710 Novato Boulevard<br>Novato, CA 94947 | Todd O. Maiden, Esq.<br>Eric M. McLaughlin, Esq.<br>Reed Smith LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br>Telephone:  415-543-8700<br>Facsimile:  415-391-8269 |

**N.  Counterparts and Facsimile Signatures**

Each signatory of this Settlement Agreement signing on behalf of another, warrants that he or she has the authority to sign on behalf of said person or entity.  This Settlement Agreement may be executed in counterparts with each counterpart being interpreted as an original.  Any Party may transmit its execution of this Settlement Agreement by facsimile, in which case such Party shall provide the original execution page within three (3) business days to all other Parties.  A Party's execution page transmitted by facsimile may be used as though it were an original signature notwithstanding the fact that the Party did not provide an original signature.

**O.  Advice of Attorneys**

Each Party herein has evaluated its respective position with regard to this matter through

**SETTLEMENT AND RELEASE AGREEMENT**

its own investigation and through its own attorneys. Each Party acknowledges that it enters into this Settlement Agreement upon the advice of its respective attorneys, that it has read this Settlement Agreement, discussed it with its attorneys, that the terms and conditions of this Settlement Agreement are fully understood, and that it freely and voluntarily enters into this Settlement Agreement.

P.      **Construction of Agreement**

The Parties acknowledge that this Settlement Agreement is the product of informed negotiating among the Parties, and if any part of this Settlement Agreement is deemed ambiguous or in conflict, it shall be construed as if it were drafted jointly by all Parties.

Q.      **Entire Agreement**

The Parties warrant and agree that this Settlement Agreement constitutes the entire agreement between them concerning the subject matter hereof. Each Party represents, warrants and agrees that no promise or agreement not expressed herein has been made to it; that in executing this Settlement Agreement, no Party is relying on any statement or representation made by any other Party, or any other Party's representatives concerning the subject matter, basis or effect of this Settlement Agreement other than as set forth herein; and, that each Party is relying solely on its own judgment and knowledge.

R.      **Modification**

The terms of this Settlement Agreement shall not be changed, revised, or modified except by a written instrument signed by all of the Parties.

S.      **Successors and Permitted Assigns**

All covenants and agreements contained in this Settlement Agreement by or on behalf of any of the Parties shall bind and inure to the benefit of their respective successors and permitted assigns, whether so expressed or not.

T.      **Headings**

Headings used in this Settlement Agreement are for reference only and shall not affect

## SETTLEMENT AND RELEASE AGREEMENT

the construction of this Settlement Agreement.

**U.     Section References**

References to sections in this Settlement Agreement that contain one or more paragraphs shall be interpreted as references to all of the paragraphs included in those sections.

**V.     Severability**

In the event that any provision of this Settlement Agreement is determined by a court to be invalid, the court shall reform the provision in a manner that is both consistent with the terms of this Settlement Agreement taken as a whole and legally valid.  The remainder of this Settlement Agreement shall not be affected thereby.

**W.     General Provisions**

1.     The contractual interpretation of this Settlement Agreement and all obligations, rights, privileges and responsibilities under it shall be governed and construed in accordance with applicable federal law.

2.     Nothing in this Settlement Agreement creates, nor will be construed as creating, any claim in favor of any person not a Party to this Settlement Agreement.

3.     This Settlement Agreement may be executed in two (2) or more counterparts or on separate signature pages, each of which shall be deemed an original, but all of which, together, will constitute one and the same instrument.

4.     Good faith and best efforts are an implied term regarding each Party's duty to comply with the terms of this Settlement Agreement.

5.     Each Party consents to the entry of this Settlement Agreement with the Court.

6.     The United States District Court, Northern District of California shall retain jurisdiction over this Settlement Agreement for the purposes of (1) resolving any dispute concerning this Settlement Agreement, and (2) disposing of any motion to enforce this

////

////

////

## SETTLEMENT AND RELEASE AGREEMENT

Settlement Agreement, including but not limited to any contempt petition filed in connection with alleged failures to comply with the terms of this Settlement Agreement.

IN WITNESS WHEREOF, each Party has executed this Settlement Agreement on the date set forth below, said Settlement Agreement to be effective on the Effective Date.

Dated: 6-14-10         Northern California River Watch

                       By: Margaret Baciagalupi
                           Board President

Dated:_____        Hoyt Enterprises, Inc.

                              By:_____

Dated:_____        Gerald G. Hoyt

                              By:_____

Dated:_____        Marinwood Plaza, LLC

                              By:_____


APPROVED AS TO FORM:

Dated: June 14, 2010        _____
                            Jack Silver, Esq.
                            Attorney for Northern California River Watch

Dated:_____             _____
                            Todd O. Maiden, Esq.
                            Attorney for Hoyt Enterprises, Inc., Gerald G.
                            Hoyt and Marinwood Plaza, LLC

Page 10 of 10                          US_ACTIVE-103688628.5

## SETTLEMENT AND RELEASE AGREEMENT

Settlement Agreement, including but not limited to any contempt petition filed in connection with alleged failures to comply with the terms of this Settlement Agreement.

IN WITNESS WHEREOF, each Party has executed this Settlement Agreement on the date set forth below, said Settlement Agreement to be effective on the Effective Date.

Dated: _____   Northern California River Watch

By: _____

Dated: 6-9-10   Hoyt Enterprises, Inc.

By: _____

Dated: 6-9-10   Gerald G. Hoyt

By: _____

Dated: 6-9-10   Marinwood Plaza, LLC

By: _____

APPROVED AS TO FORM:

Dated: _____

_____
Jack Silver, Esq.
Attorney for Northern California River Watch

Dated: 15 June 2010

_____
Todd O. Maiden, Esq.
Attorney for Hoyt Enterprises, Inc., Gerald G. Hoyt and Marinwood Plaza, LLC